UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CRAIG ALAN SCHULTE, | ) | CASE NO. 1:24-CV-01274 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Craig Alan Schulte's lawsuit seeks judicial review of the Defendant Commissioner of Social Security's 2023 decision that denied Plaintiff's 2022 application for disability benefits. R.1. The matter was referred to the assigned magistrate judge for a report and recommendation under Local Rule 72.2. The Magistrate Judge issued a Report and Recommendation (R&R) that this Court affirm the Commissioner's decision. R. 12. Plaintiff filed a timely objection to that R&R (R. 13), and Defendant has filed a response. R. 14.

For the reasons stated below, the R&R is ADOPTED, and the Defendant's underlying decision is AFFIRMED.

**BACKGROUND**

The 21-page R&R provides a thorough recounting of the Plaintiff's underlying claim as well as the administrative claim history, and the Court incorporates it by reference. Since Plaintiff raises a limited objection to the R&R, only a brief overview of the relevant facts is presented here.

Plaintiff initially applied for disability benefits in 2022, alleging an onset of disability in 2020 arising from lymphoma, immunodeficiency, psoriasis, migraines, and anxiety. R. 12, Page ID# 1903.  Plaintiff, who was born in 1980 and has at least a high school education, *id.*, Page ID#: 1907, testified during the underlying administrative hearing that he experiences chronic fatigue, especially after receiving monthly infusion treatments, as well as pain on his left side due to psoriatic arthritis, occasional double vision, and migraines once or twice a month. *Id.*, Page ID#: 1904. He further testified that he experiences almost daily pain at a level of 4-7 on a scale of 1-10; can walk up to a mile on a good day but only for five minutes on a bad day; and can lift up to only 30 pounds. *Id.*

During the administrative hearing, a vocational expert (VE) testified that a person with Schulte's age, education, work experience, and residual functional capacity (RFC)[1] could not perform the claimant's past work as a baggage handler, but could perform other work such as a package handler, an order clerk, a phone quotation clerk, and a charge account clerk. *Id*. The VE further testified that a sufficient number of jobs existed nationally in each of these categories. *Id*. After considering the record, the Commissioner found Schulte not disabled. *Id.*, Page ID#: 1907.

Schulte raised a single issue on appeal, arguing that in conducting the Step Five analysis, the ALJ improperly relied on the VE's testimony that there were a sufficient number of jobs in the categories identified. *Id.*, Page ID#: 1909. Specifically, Schulte asserted, as he does in objecting to the R&R, that two of the identified jobs (phone quotation clerk and charge account clerk) are obsolete and the jobs in the third category (order clerk) do not exist in sufficient

---

[1] An RFC is considered an indication of an individual's work related abilities despite their limitations.  *See* 20 C.F.R. §§ 404.1545(a)(1). Here, the administrative law judge determined that Schulte had the RFC to perform sedentary work with certain restrictions. R. 12, Page ID#: 1907.

numbers within the national economy. *Id*. Therefore, he contended, the Commissioner did not meet his burden of proof at Step Five and he sought remand and an order overruling the Commissioner's decision.

The R&R extensively analyzed this issue. In particular, the R&R found unpersuasive the Plaintiff's efforts to show that the jobs information provided by the VE was out of date or otherwise unreliable. The R&R appropriately relied upon the Sixth Circuit holding in *O'Neal v. Commissioner of Social Security,* 799 F. App'x 313 (6th Cir. 2020), which determined that the Department of Labor's Directory of Occupational Titles (DOT) remains "a reliable source of job information" and that an ALJ—as in this case—may rely on a VE's testimony that is, in turn, based on the DOT. R. 12, Page ID#: 1913. Moreover, the R&R noted, as had the Sixth Circuit in *O'Neal,* that Schulte did not raise any argument alleging obsolete jobs or insufficient numbers of available jobs nationally to either the VE or to the ALJ during the underlying administrative proceedings. *Id*., Page ID#: 1914.

In addition, the R&R noted that the Social Security Administration recently released Emergency Message 24026 which identified 114 positions within the DOT that existed in such limited numbers as would not support a "not disabled" finding, as well as 13 other positions that cannot support a "not disabled" finding absent additional evidence. *Id.*, Page ID#: 1915. Notably, the R&R stated, the positions questioned by Plaintiff—phone quotation clerk and charge account clerk—were not listed as requiring additional evidence to support a "not disabled" finding. *Id.* "These positions remain included in the DOT and not included in the Social Security Administration's lists of 'isolated' or otherwise suspect positions." *Id*., Page ID#: 1916 (citation omitted).

As for the argument that there are insufficient numbers of jobs within the national

economy for these positions, the R&R found both that the ALJ may, by law, rely on the testimony of the VE to support that determination, and further that the actual numbers of jobs testified to by the VE are "significant." *Id.*, Page ID#: 1917-18. As the R&R properly explained, there is no "magic number" of jobs required to exist in order for the given number to be found to be "significant." *Id.*, Page ID#: 1918 (citing cases).

Plaintiff's objections (R. 13) center on the primary contention that it was error to rely on the finding that positions exist in significant numbers for the three identified jobs. *Id.*, Page ID#: 1924-26. Plaintiff argues that while the ALJ may usually rely on the VE in this regard, testimony that is clearly wrong as a matter of fact, falsified, or mere speculation cannot serve as substantial evidence. *Id.*, Page ID#: 1926. Further, he contends that even though he or his representative did not object to the VE's testimony during the administrative proceedings, the ALJ retained a duty to question the VE about her methodology. *Id.*, Page ID#: 1927 (citation omitted).

The Commissioner's response to Plaintiff's Objections to the R&R emphasizes that under *O'Neal* and relevant Sixth Circuit precedent, the ALJ is entitled to rely on the VE's testimony and the DOT to support the finding regarding the number of jobs available to the claimant. R. 14, Page ID#: 1930. Further, the Commissioner argues that the number of available jobs testified to by the VE is within his zone of choice that will not usually be questioned without cause. *Id.* (citations omitted). Here, given that no conflicting testimony was presented, and the VE's testimony was left unchallenged by Schulte during the administrative proceedings, there was no reason for the ALJ to look outside the record for alternate jobs. *Id.* (citation omitted).

ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(b)(3), a "district judge must determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected

to[;]" and the "district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In conducting judicial review of Social Security cases, the reviewing court is limited to ascertaining whether the Commissioner's decision is supported by substantial evidence and/or whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 390, 401 (1971). Specifically, this standard requires the reviewing court to determine whether, viewing the record as whole, substantial evidence supports the finding of the ALJ. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the decision of the Commissioner, the reviewing court must affirm the decision even though it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1992). Moreover, the decision must be affirmed even if substantial evidence would have supported the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

The Court has considered Plaintiff's objections to the magistrate judge's R&R, the Defendant's response, and the pertinent records relevant to Plaintiff's objections. The Court having reviewed the foregoing along with the R&R finds the R&R comprehensive, well-reasoned, persuasive, legally sound, and without error.

It appears from Claimant's filed objection that, by focusing only upon the purported lack of substantial evidence supporting the existence of jobs in sufficient numbers, he has abandoned the second issue raised to the magistrate judge—the alleged obsolescence of the jobs identified by the VE. While issues not raised on judicial review are deemed waived, *see, Williams v. Kijakazi*, 600 F. Supp. 3d 852, 857 (W.D. Tenn. Feb. 17, 2022) (citation omitted), the Court finds the R&R properly considered each issue, correctly found they lacked merit, and Plaintiff's objections provide no grounds to reject the R&R. In addition to overruling the Plaintiff's

objections, the Court agrees with the Defendant's analysis in their responsive filing. Simply put, the R&R correctly found that the ALJ could rely on the VE's testimony that identified various suitable jobs that Plaintiff could perform and that such jobs existed in sufficient numbers. The ALJ did not err, especially since the claimant did not question the VE's testimony, the identified jobs, and provided no reason for the ALJ to doubt the VE's testimony.

## CONCLUSION

For the reasons stated, the R&R is ADOPTED, the Plaintiff's objections are overruled, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated:  September 26, 2025              */s/ David A. Ruiz*
                                        David A. Ruiz
                                        United States District Judge